Mr. Don A. Eilbott, Chairman Jefferson County Board of Election Commissioners Jefferson County Courthouse 101 East Barraque Pine Bluff, AR 71601
Dear Mr. Eilbott:
This is in response to your request for an opinion regarding the special election scheduled for December 12, 1995, in connection with the call for a constitutional convention. You have asked, specifically, "whether the Jefferson County Election Commission is permitted to place upon the December 12, 1995, ballot any issues other than those which are included in the proclamation issued by Governor Tucker."
It is my opinion that an effort to place other issues on the ballot in this special election would in all likelihood fail if challenged. This conclusion is based upon legislative intent discerned from Act 1 of the First Extraordinary Session of 1995, in the absence of any case precedent or other legislative enactments offering guidance on the question.
Act 1 calls a constitutional convention for a new constitution, "subject to ratification by a statewide vote of the people as prescribed in [the] Act. . . ." Acts 1995 (1st Ex. Sess.), No. 1, § 2. Section 4 of Act 1 provides for a special election, called by proclamation of the Governor (see Section 3(e) of Act 1), to submit the question of calling the constitutional convention and to elect delegates to the convention. Section 4 states in relevant part as follows:
 (a) The question of whether or not to call a Constitutional Convention and approve the twenty-six (26) delegates nominated to the Convention from the General Assembly shall be submitted to the registered voters of the state for adoption or rejection at a special election to be called by the Governor. The question shall be in substantially the following form:
 (1) "For calling a Constitutional Convention to propose a new Constitution for the State of Arkansas, as provided in Act 1 of the Acts of the First Extraordinary Session of the Eightieth (80th) General Assembly of 1995, and subject to the terms of that Act, and electing the nominated Convention delegates listed below:"
(Names of 26 nominated delegates from the General Assembly)
(2) "Against calling the Constitutional Convention."
* * *
 (b) The thirty-five (35) district delegates described in Section 3(a) of this Act shall be elected at the same special election.
Thus, delegates nominated from the General Assembly are elected as part of the decision to call the constitutional convention. See also Section 3(b) of Act 1. And district delegates are also elected at the special election. See Section 3(a) regarding the election of district delegates "at a special election called for that purpose[.]" The purpose of the special election seems clear, and the content of the ballots has been specified. The ballot is specifically designed to provide for ratification of the call of the constitutional convention and to elect convention delegates. The ballot must "if possible" contain the occupation, hometown, and title (Senator or Representative) of General Assembly nominees. See Section 3(f) of Act 1. And the names of all candidates for district delegate must be included on the ballots. See Section 5(d) of Act 1.
I cannot conclude, in light of the above, that the General Assembly intended for other issues to be placed upon the ballot in this special election. Although Act 1 does not, in definite terms, preclude the inclusion of other issues, when read as a whole the language of the act compels me to conclude that an attempt to alter or expand the ballot could be successfully challenged.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The requirements of Act 1 distinguish this special election from other instances in which this office has approved the placement of other issues or candidates on a special or general election ballot. See Ops. Att'y Gen. 93-097, 93-125, and 90-229. The question at hand is instead, similar to that presented in Attorney General Opinion 87-349 (copy enclosed), wherein it was opined that a Sunday mixed drink sales option could not be placed on the so-called "Super Tuesday" election ballot.